**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1392**

REGINALD EVANS,

                    Plaintiff – Appellant,

          v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Richard Mark Gergel, District Judge.
(1:15-cv-04953-RMG-SVH)

Submitted:  October 14, 2016          Decided:  November 7, 2016

Before GREGORY, Chief Judge, TRAXLER, Circuit Judge, and DAVIS,
Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Reginald Evans, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Evans appeals the district court's order dismissing his civil action against the Commissioner of the Social Security Administration (SSA) for failure to exhaust administrative remedies. Evans filed suit seeking appropriate relief based on the SSA's refusal to respond to his administrative appeal of the denial of his request for disability benefits.

Pursuant to 42 U.S.C. § 405 (2012), an individual must exhaust administrative remedies before he may challenge an SSA benefits decision in federal court. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). In his complaint and answers to the district court's interrogatories, Evans admitted that he had not proceeded beyond filing a request for reconsideration. Therefore, the district court correctly determined that it did not have subject matter jurisdiction over any action challenging the merits of the SSA's determination. See 20 C.F.R. § 416.1400(a) (2016).

However, because Evans was a pro se party, his complaint was entitled to liberal interpretation. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We conclude that Evans' pleadings raised the possibility that he sought relief in the form of a writ of mandamus. Moreover, although Evans failed to exhaust administrative remedies, courts maintain jurisdiction

2

over requests for a writ of mandamus if the plaintiff establishes that "the administrative process normally available is not accessible" because the agency fails or refuses to act. U.S. ex rel. Rahman v. Oncology Assoc., P.C., 198 F.3d 502, 515 (4th Cir. 1999). We conclude that the district court should have considered Evans' complaint in such a light.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED